Case 4:25-cv-02373   Document 29   Filed on 09/29/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
September 29, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DOUGLAS EDGARDO GOMEZ ESPINOZA, A #208977238, | § § § § |
| Petitioner, | § § |
| vs. | §  CIVIL ACTION NO. H-25-2373 |
| WARDEN, Joe Corley Processing Center, and WARDEN, Montgomery Processing Center, | § § § § § |
| Respondent. | § § |

**MEMORANDUM ON DISMISSAL**

The petitioner, Douglas Edgardo Gomez Espinoza (A #208977238), has filed, through counsel, an amended petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Docket Entry No. 17) and exhibits (Docket Entry No. 6). At the time the petition was filed, the petitioner was in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) in Conroe, Texas.

After reviewing the petition as required by 28 U.S.C. § 2241, *et seq.*, and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court ordered the respondent to answer the petition. (*See* Docket Entry No. 18). The order to answer required the petitioner to file a response to any answer or dispositive motion filed by the respondent within 30 days of the filing of the responsive pleading. (*See id.*). The order to answer further warned that "[u]nder this court's Local Rule 7.4, any failure to respond to a motion filed by the respondent 'will be taken as a representation of no opposition'" and that "[f]ailure of the petitioner to respond

to the respondent's motion or answer within the time allowed may result in dismissal of this action for want of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure." (*Id.*).

The respondent answered the petition by filing a motion to dismiss in July 2025. (Docket Entry No. 28). The deadline to file a response has passed and the petitioner has not filed a response to the motion to dismiss.

As the petitioner was previously warned, the court construes the petitioner's failure to respond to the respondent's motion to dismiss "as a representation of no opposition." (*See* Docket Entry No. 18; *see also* Local Rule 7.4 of the Local Rules of the United States District Court for the Southern District of Texas). A district court may dismiss a lawsuit for failure to prosecute under Federal Rule of Civil Procedure 41(b). *See* Fed. R. Civ. P. 41(b). "This authority is based on the courts' power to manage and administer their own affairs to ensure the orderly and expeditious disposition of cases." *Lewis v. Sheriff's Dept. Bossier Parish*, 478 F. App'x 809, 815 (5th Cir. 2012) (per curiam) (internal quotation marks and citation omitted); *see also Gates v. Strain*, 885 F.3d 874 (5th Cir. 2018) (explaining that a district court may dismiss an action for failure to prosecute); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–41 (5th Cir. 2016) (explaining that a district court may dismiss an action for failure to comply with court orders).

The petitioner's failure to timely respond to the respondent's motion to dismiss forces the court to conclude that he lacks diligence in prosecuting this action. Therefore, under the court's general power to manage its docket, this case is dismissed without prejudice for want of prosecution.

This case is dismissed without prejudice.  Any pending motions are denied as moot.  To the extent such is necessary, a certificate of appealability is denied.

SIGNED on September 29, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge